**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MSC State & River, LLC d/b/a Mastery Community Builders, Inc. | : : : | **1:24-cv-04658** |
| Plaintiff, | : : | |
| vs. | : : | **Judge Christine P. O'Hearn** |
| Joyce E. Miller, C.P.A.; J. Miller & Assoc., LLC; John Does(s) 1-5 and ABC Corporation(s), | : : : : | **Magistrate Judge Matthew J. Skahill** |
| Defendants | : : | |

## PLAINTIFF MSC STATE & RIVER, LLC D/B/A MASTERY COMMUNITY BUILDERS, INC.'S OPPOSITION TO DEFENDANTS NOTICE OF REMOVAL FROM STATE COURT

Plaintiff MSC State & River, LLC, d/b/a Master Community Builders, by and through their counsel, Goldberg, Miller & Rubin, P.C., file this Opposition to Defendants Joyce E. Miller, C.P.A. and J. Miller & Associates, LLC Notice of Removal from State Court, and in support thereof, avers the following:

1. Plaintiff MSC State & River, LLC d/b/a Mastery Community Builders, Inc. ("Plaintiff") filed the Complaint in this matter on March 5, 2024, in the Superior Court of New Jersey, Law Division, Camden County, under Docket No. CAM-L-000701-24. *See true and correct copy of Complaint, attached hereto as Exhibit A.*

2. On or about April 8, 2024, Defendants Joyce E. Miller, C.P.A. ("Defendant Miller") and J. Miller & Associates, LLC ("Defendant Accounting Firm") filed a Notice of Removal to remove the action from Camden County to the United States District Court for the District Court of New Jersey based on party diversity and the matter in controversy exceeding $75,000.

**Factual Background**

3.   Plaintiff is at all times material hereto a non-profit corporation with a place of business at 1001 N. 17th St., Camden, NJ 08105.

4.   Defendant Miller is an adult individual who, upon information and belief, is a duly licensed Certified Public Accountant in the states of New Jersey and Pennsylvania.

5.   Defendant Accounting Firm is a limited liability company with a place of business at 1617 John F. Kennedy Blvd., 20th Floor, Philadelphia, PA 19103.

6.   Defendant Miller is the Managing Principal and Founder of Defendant Accounting Firm.

7.   At all times material hereto, both Defendant Miller and Defendant Accounting Firm (jointly "Defendants") were licensed to conduct business in the state of New Jersey.

8.   Defendant Miller held herself out to Plaintiff as an accounting expert with regard to charitable organizations, a class in which Plaintiff qualifies.

9.   At all relevant times hereto, Defendants sought and solicited the business of Plaintiff on the premise they were experts in their field of practice involving all issues related to accounting for charitable organizations, including tax advice.

10. As part of their engagement, the services of Defendants included, *inter alia*, reviewing Plaintiff's financials, advising Plaintiff of any accounting-related issues, advising Plaintiff of any applicable real estate tax programs, and positioning Plaintiff in a light most favorable to Plaintiff for taxation purposes.

11. Defendant Miller and Defendant Accounting Firm were aware that Plaintiff had previously applied for and received a tax exemption for five (5) years under the New Jersey Economic Development Act on August 8, 2017.

12. In and around 2021 Defendant Miller and Defendant Accounting Firm, on behalf of Plaintiff, applied to the City of Camden for an exemption from real estate taxes for properties used for charitable purposes.

13. This application was denied by based upon "ownership status."

14. Defendant Miller and Defendant Accounting Firm received several notices regarding the upcoming expiration of Plaintiff's tax-exemption status, as well as the denial of the second application.

15. Instead of properly alerting Plaintiff of any potential issues related to tax liability, and rather than taking corrective action to ensure Plaintiff would not lose its tax-exempt status, Defendant Miller and Defendant Accounting Firm wrongly assumed that the aforementioned notices were sent in error.

16. Further, Defendant Miller and Defendant Accounting Firm represented to Plaintiff that the notices were sent in error.

17. Defendant Miller and Defendant Accounting Firm did not timely appeal the denial resulting in the imposition of real estate tax for the full value of the land and improvements and subjected the property to a tax sale.

18. As a result, on January 28, 2022, Plaintiff was advised by the City of Camden that the applicable tax exemption would not be approved, causing Plaintiff to incur great financial loss.

19. Plaintiff filed the present Complaint in Camden County, which has jurisdiction over the parties and all claims pursuant to the New Jersey Constitution, Article 6, Section III.

20. Pursuant to R. 4:3-2(a), Camden County Superior Court is the proper venue for this matter to be prosecuted, because Plaintiff, a party to this matter, has a place of business in the County of Camden, in the State of New Jersey.

**Legal Analysis**

21. Change of venue is governed by 28 U.S.C. § 1404(a) or 28 U.S.C.S, § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper.

22. Upon information and belief, there is a diversity of citizenship among the parties that render either the original or proposed venue as proper, making the issue subject to analysis under Section 1404(a).

23. Section 1404(a) provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

24. Within the framework of Section 1404, Congress "encompassed consideration of the parties' private expression of the venue preferences." _Jumara v. State Farm Ins. Co._, 55 F.3d 873, 880 (3d Cir.1995) (citing _Stewart Org., Inc. v. Ricoh Corp._, 487 U.S. 22 (1988).

25. _Jumara_ also found there are many private and public interests that should be considered in determining the proper venue. _Id._ at 879-80.

26. Private interests considered include the convenience of the parties, the convenience of witnesses, and the location of books and records. _Id._ at 879

27. Under New Jersey Rule 4:4-4(e), New Jersey courts may exercise personal jurisdiction over a non-resident defendant under a two-part test requiring (1) minimum contacts that are (2) of such a nature and extent such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. _See Baanyan Software Service, Inc. v. Kuncha_, 433 N.J. Super. 466 (App. Div. 2013).

28. Here, Camden County has personal jurisdiction over Defendants as the conduct and

connection with the selected forum are such, they should reasonably anticipate being hailed into court in Camden County.

29. A defendant is on notice that it is subject to suit when they purposefully avail themselves of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2L.Ed.2d 1283, 1298 (1958).*

30. Plaintiff is a non-profit organization located and doing business in the City of Camden, Camden County, New Jersey.

31. At all times material hereto, both Defendants were licensed to conduct business in the State of New Jersey, and all services provided related to Plaintiff's business being conducted in the City of Camden.

32. Accordingly, Defendants purposefully availed themselves to the jurisdiction of Camden County when they contracted to provide services to Plaintiff.

33. The sufficiency of contacts for jurisdictional purposes depends on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683, 698 (1977).*

34. Plaintiff has brought this matter in controversy to the proper venue as the claims alleged in the Complaint occurred in the City of Camden and involve the application of the City of Camden tax code.

35. The local interest in deciding local controversies at home must be paramount in this matter.

36. Defendants have failed to show a compelling interest as to why this matter should be moved from the appropriate forum selected by the Plaintiff.

37. The <u>Jumara</u> decision also addressed a situation wherein the transfer forum is a relatively short distance from the original forum, as with the matter at bar. *Jumara at 880.*

38. In such cases, some courts have simply refused to consider transfer on the basis the statute was not intended for these types of transfers. <u>Id.</u>

39. Plaintiffs have selected a proper venue for their claims based on the *locus delicti* and this choice "should not be lightly disturbed." <u>Id.</u> at 879.

40. While the District of New Jersey might have an interest in adjudicating a local controversy, such interest is tempered due to the lack of any federal issue.

WHEREFORE, Plaintiff MSC State & River, LLC d/b/a Mastery Community Builders, Inc. respectfully request that this Honorable Court deny Defendants application for removal and allow this matter to remain in the Superior Court of New Jersey, Law Division, Camden County

**GOLDBERG, MILLER & RUBIN, P.C.**

BY: _____
ROBERT P. STEIN, ESQUIRE
NJ Attorney Id. No. 003521992
GOLDBERG, MILLER & RUBIN
A Professional Corporation
155 Passaic Avenue, Suite 430
Fairfield, NJ 07004
(973) 842-7720
rstein@gmrlawfirm.com
Attorney for Plaintiff, MSC State & River, LLC,
d/b/a Master Community Builders

Date: <u>May 23, 2024</u>

## VERIFICATION

ROBERT P. STEIN, ESQUIRE, being duly sworn according to law, deposes and says that

he is the attorney for Plaintiff MSC State & River, LLC, d/b/a Master Community Builders in the

foregoing matter and that the foregoing Opposition is true and correct to the best of my knowledge,

information, and belief.

**GOLDBERG, MILLER & RUBIN, P.C.**

BY: _____
ROBERT P. STEIN, ESQUIRE
Attorney for Plaintiff, MSC State & River, LLC,
d/b/a Master Community Builders

Date: May 23, 2024

## CERTIFICATION

I, ROBERT P. STEIN, ESQUIRE, attorney for Plaintiff MSC State & River, LLC, d/b/a

Master Community Builders certify that the Opposition to Defendants' Notice of Removal, was

served via regular mail, e-mail, fax, and/or electronic filing on all counsel entered in this matter.

**GOLDBERG, MILLER & RUBIN, P.C.**

BY: _____
ROBERT P. STEIN, ESQUIRE
Attorney for Plaintiff, MSC State & River, LLC,
d/b/a Master Community Builders

Date: May 23, 2024

# EXHIBIT A

**GOLDBERG, MILLER & RUBIN**
A Professional Corporation
1415 East Route 70, Suite 103
Cherry Hill, NJ 08034
Telephone: (973) 842-7720
Fax: (973) 807-9496
Robert P. Stein, Esq.
rstein@gmrlawfirm.com
Attorney ID No.: 003521992
*Attorney for Plaintiff, Mastery Community Builders*

| | |
|---|---|
| MSC State & River, LLC d/b/a<br>Mastery Community Builders, Inc.<br><br>    *Plaintiff*,<br><br>  v.<br><br>Joyce E. Miller, C.P.A.<br><br>  and<br><br>J. Miller & Associates, LLC<br><br>  and<br><br>John Doe(s) 1-5 and ABC Corporation(s).<br><br>    *Defendants*. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – CAMDEN COUNTY<br><br>DOCKET NO.: CAM-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT,<br>DEMAND FOR JURY TRIAL,<br>DESIGNATION OF TRIAL ATTORNEY,<br>DEMAND FOR<br>ANSWERS TO INTERROGATORIES,<br>CERTIFICATION PURSUANT TO R. 4:5-1,** |

Plaintiff, by and through its attorney, Robert P. Stein, Esq., of Goldberg, Miller & Rubin, P.C., by way of Complaint against Defendants, says:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, MSC State & River, LLC d/b/a Mastery Community Builders, Inc. ("Plaintiff"), is at all times material hereto a non-profit corporation with a place of business at 1001 N. 17th St., Camden, NJ 08105.

2. Defendant, Joyce E. Miller, C.P.A. ("Defendant Miller"), is an adult individual who, upon information and belief, is a duly licensed Certified Public Accountant in the states of New Jersey and Pennsylvania.

3. Defendant Miller is the Managing Principal and Founder of Defendant J. Miller & Associates, LLC ("Defendant Accounting Firm").

4. Defendant Accounting Firm is a limited liability company with a place of business at 1617 John F. Kennedy Blvd., 20th Floor, Philadelphia, PA 19103.

5. At all times material hereto, both Defendant Miller and Defendant Accounting Firm (jointly "Defendants") were licensed to conduct business in the state of New Jersey.

6. Defendant(s), John Doe(s) 1-5 (fictitious name(s)) ("John Doe") is/are an adult individual(s) and resident(s) of the State of New Jersey with the capacity to be sued in the State of New Jersey.

7. Defendant(s), ABC Corporation(s) (fictitious name) ("ABC Corporation") is/are a corporation authorized to do business in the State of New Jersey.

8. Defendant Miller held herself out to Plaintiff as an accounting expert with regard to charitable organizations, a class in which Plaintiff qualifies.

9. Defendants marketed their services to include tax exempt services.

10. According to Defendants, tax exempt services "include everything from the initial application for tax exempt status to re-institution of tax exempt status if lapsed."

11. At all relevant times hereto, Defendant Miller and Defendant Accounting Firm sought and solicited the business of Plaintiff on the premise they were experts in their field of practice involving all issues related to accounting for charitable organizations, including tax advice.

12. As part of their engagement, the services of Defendant Miller and Defendant Accounting Firm included, *inter alia*, reviewing Plaintiff's financials, advising Plaintiff of any accounting-related issues, advising Plaintiff of any applicable real estate tax programs, and positioning Plaintiff in a light most favorable to Plaintiff for taxation purposes.

13. Defendant Miller and Defendant Accounting Firm were aware that Plaintiff had previously applied for and received a tax exemption for five (5) years under the New Jersey Economic Development Act on August 8, 2017.

14. In and around 2021 Defendant Miller and Defendant Accounting Firm, on behalf of Plaintiff, applied to the City of Camden for an exemption from real estate taxes for properties used for charitable purposes.

15. This application was denied by based upon "ownership status."

16. Defendant Miller and Defendant Accounting Firm received several notices regarding the upcoming expiration of Plaintiff's tax-exemption status, as well as the denial of the second application.

17. Instead of properly alerting Plaintiff of any potential issues related to tax liability, and rather than taking corrective action to ensure Plaintiff would not lose its tax-exempt status, Defendant Miller and Defendant Accounting Firm wrongly assumed that the aforementioned notices were sent in error.

18. Further, Defendant Miller and Defendant Accounting Firm represented to Plaintiff that the notices were sent in error.

19. Defendant Miller and Defendant Accounting Firm did not timely appeal the denial resulting in the imposition of real estate tax for the full value of the land and improvements and subjected the property to a tax sale.

20. Plaintiff relied on Defendant Miller's and Defendant Accounting Firm's misrepresentations regarding its tax status.

21. Plaintiff relied on Defendant Miller's and Defendant Accounting Firm to properly file its application for a tax exemption.

22. Defendant Miller and Defendant Accounting Firm failed to properly notify Plaintiff of any tax-related issue.

23. Defendant Miller and Defendant Accounting Firm failed to properly file Plaintiff's application for a tax exemption. In the alternative, Defendants failed to timely appeal the denial.

24. As a result, on January 28, 2022, Plaintiff was advised by the City of Camden that the applicable tax exemption would not be approved, causing Plaintiff to incur great financial loss.

## JURISDICTION AND VENUE

25. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

26. This Court has jurisdiction over the parties and claims pursuant to the New Jersey Constitution, Article 6, Section III.

27. Pursuant to R. 4:3-2(a), this Court is the proper venue for this matter to be prosecuted, because Plaintiff, a party to this matter, has a place of business in the County of Camden, in the State of New Jersey.

## FIRST COUNT- BREACH OF CONTRACT

28. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Plaintiff contracted with and retained Defendants for professional accounting services.

30. As part of the bargained for contract, Plaintiffs relied on Defendants for their specialty in providing services to charitable organizations vis a vis tax exempt services.

31. Plaintiff upheld their end of the contract, but Defendants failed to provide the services contracted for to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

    A.  Compensatory damages in an amount to be determined;

    B.  Attorneys' fees and costs of suit;

    C.  Interest; and

    D.  Awarding such other and further relief as the Court deems reasonable and appropriate.


## SECOND COUNT – PROFESSIONAL NEGLIGENCE

32. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

33. Under Section 13:29-3.19 of the New Jersey State Board of Accountancy's Rules of Professional Conduct, "[a]ll licensees shall comply with the Code of Professional Conduct of the American Institute of Certified Public Accountants [AICPA][.]"

34. The AICPA, a group in which Defendant Miller is a member, states that its members "are bound by the AICPA Code of Professional Conduct. Rule 201 requires that members provide professional services with competency."

35. Further, "all AICPA members are required to follow a rigorous Code of Professional Conduct which requires that they act with integrity, objectivity, due care, competence, fully disclose any conflicts of interest (and obtain client consent if a conflict exists), maintain client confidentiality, disclose to the client any commission or referral fees, and serve the public interest when providing financial services."

36. A client and accountant/tax professional relationship existed between Plaintiff and Defendants at all relevant times hereto.

37. As accountants and tax professionals retained by Plaintiff, Defendants owed Plaintiff a duty which required them to use the degree of knowledge, skill and care that is normally used by Certified Public Accountants, tax preparers, and tax advisors who represent clients such as Plaintiff.

38. Defendants owed to Plaintiff a duty to perform their professional services with reasonable care and due diligence.

39. Plaintiff reasonably relied upon the expertise of Defendants in the practice of tax preparation services and tax advice to provide Plaintiff with competent and thorough representation, tax preparation services, and/or tax advice with respect to its tax return filed in 2022.

40. Defendants failed to exercise reasonable care and due diligence in the performance of their professional services for Plaintiff, thereby breaching their duties owed to Plaintiff.

41. Specifically, Defendants were negligent in failing to properly file for a tax exemption, causing Plaintiff to incur financial loss.

42. Under New Jersey law, negligent accountants, tax professionals and accounting firms such as Defendants in this case, are responsible for plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting professional malpractice and negligence action.

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

E.  Compensatory damages in an amount to be determined;

F.  Attorneys' fees and costs of suit;

G.  Interest; and

H.  Awarding such other and further relief as the Court deems reasonable and appropriate.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff respectfully demand a trial by jury as to all issues herein.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to N.J. Ct. R. 4:15-1(c), Plaintiff hereby designates ROBERT **P. STEIN, ESQUIRE** as trial counsel in this matter.

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1;38-7(b).

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that, to the best of my present knowledge, the within matter is not the subject of any other actions or arbitration proceeding, nor are any such other actions or arbitration proceedings presently contemplated in this matter.

## DEMAND FOR DEFENDANTS' RESPONSES TO UNIFORM INTERROGATORIES

Pursuant to R. 4:17-1(b)(2), Defendants shall consider service of this complaint as an automatic service of Plaintiff's demand for responses to Uniform Interrogatories within sixty (60) days after Defendants serve an Answer to this Complaint.

**GOLDBERG, MILLER & RUBIN, P.C.**

BY: _____
Robert P. Stein, Esq.
Attorney for Plaintiff

Dated: March 5, 2024



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Robert P. Stein, Esq. | 973-842-7720   ext. | Camden |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| Goldberg, Miller & Rubin, P.C. | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 1415 East Route 70, Suite 103 | Cherry Hill | NJ | 08034 |

| Document Type | Jury Demand |
|---|---|
| Complaint | ■ Yes     ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| MSC State & River,LLC d/b/a Mastery | MSC State & River, LLC d/b/a Mastery v. Joyce Miller & J. Miller & Associates, LLC |

Case Type Number (See page 3 for listing)   607

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ■ No |
| Is this a professional malpractice case? | ■ Yes | ☐ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law
regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ■ No |
|---|---|---|
| If "Yes," list docket numbers | | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ■ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ■ Unknown |
|---|---|---|

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?  ■ Yes   ☐ No
  If "Yes," is that relationship:
    ☐ Employer/Employee     ☐ Friend/Neighbor     ☐ Familial     ■ Business
    ☐ Other (explain) _____

Does the statute governing this case provide for payment of fees  ■ Yes   ☐ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations?   ☐ Yes   ■ No
  If yes, please identify the requested accommodation:

Will an interpreter be needed?   ☐ Yes   ■ No
  If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**          ☐ **Title 59**          ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-000701-24

**Case Caption:** MASTERY COMMUNITY BU ILDERS  VS MILLER, C.P.A. JO

**Case Initiation Date:** 03/05/2024

**Attorney Name:** ROBERT P STEIN

**Firm Name:** GOLDBERG MILLER & RUBIN

**Address:** 155 PASSAIC AVENUE SUITE 430

FAIRFIELD NJ 07004

**Phone:** 9738427720

**Name of Party:** PLAINTIFF : Mastery Community Builders

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PROFESSIONAL MALPRACTICE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Mastery Community Builders?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/05/2024
Dated

/s/ ROBERT P STEIN
Signed